FILED

APR 0 3 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO.: SA-19-CR-00035-FB |
| | § | |
| Plaintiff, | § | **SUPERSEDING INDICTMENT** |
| | § | |
| VS. | § | [Count 1: 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A) – Conspiracy to Possess with Intent to Distribute Methamphetamine |
| KEVIN MICHAEL TORRES, | § | Counts 2 & 3: 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) – Possession with Intent to Distribute Methamphetamine |
| Defendant. | § | Count 4: 18 U.S.C. § 924(c)(1)(B)(i) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime] |

THE GRAND JURY CHARGES:

## COUNT ONE
## [21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)]

That beginning on or about January 2018 and continuing through and including the date of this indictment, in the Western District of Texas and elsewhere, Defendant,

**KEVIN MICHAEL TORRES,**

and others known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree together and with each other to distribute and possess with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## COUNT TWO
## [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about November 2, 2018, in the Western District of Texas, Defendant,

**KEVIN MICHAEL TORRES,**

did unlawfully, knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

## COUNT THREE
### [21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)]

That on or about January 30, 2019, in the Western District of Texas, Defendant,

**KEVIN MICHAEL TORRES,**

did unlawfully, knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

## COUNT FOUR
### [18 U.S.C. § 924(c)(1)(B)(i)]

That on or about January 30, 2019, in the Western District of Texas, the Defendants,

**KEVIN MICHAEL TORRES,**

did knowingly possess a firearm and firearms in furtherance of a drug trafficking crime, that may be prosecuted in a court of the United States, that is the drug trafficking crimes set forth in Counts One and Three, in violation of Title 18, United States Code, Section 924(c)(1)(B)(i).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
### [*See* Fed. R. Crim. P. 32.2]

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraphs III-V.

# I.
## Drug Violations and Criminal Forfeiture Statutes
[Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A), subject to forfeiture pursuant to Title 21 U.S.C. § 853(a)(1) and (2)]

As a result of the criminal violations set forth in Counts One through Three, the United States of America gives notice to Defendant **KEVIN MICHAEL TORRES** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(a)(1) and (2), which state:

**Title 21 U.S.C. § 853.**

(a) Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law –
   **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
   **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; ...

# II.
## Firearm Violation and Forfeiture Statutes
[Title 18 U.S.C. § 924(c)(1)(B)(i), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the criminal violation set forth in Count Four, the United States of America gives notice to Defendant **KEVIN MICHAEL TORRES** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

**Title 18 U.S.C. § 924. Penalties**
   (d)(l) Any firearm or ammunition involved in or used in any knowing violation of . . . or knowing violation of section 924 . . . shall be subject to seizure and forfeiture . . . under the provisions of this chapter. . . .

# III.
## Personal Properties

1. Taurus Model PT22, .22 caliber handgun, serial number 05917Z;
2. Jennings Firearms J-22, .22 cailiber handgun, serial number obliterated;

3

3. DPMS Panther Arms, Model Panther LR-308, .380 caliber rifle; serial number 79860;
4. Inter Ordance Inc., Model AR-15, 5.56 caliber rifle, serial number 00085; and
5. Sig Sauer Model P238, .380 caliber pistol, serial number 27B122257.

## IV.
## Money Judgment

**Money Judgment**: A sum of money which represents the value of any proceeds obtained from the violations set forth in the Indictment for which Defendant KEVIN MICHAEL TORRES is liable.

## V.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set out above, as a result of any act or omission of Defendant KEVIN MICHAEL TORRES:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21, United States Code, Section 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
MARGARET LEACHMAN
Assistant United States Attorney

4